FILED

2017 Sep-26  PM 04:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| BIRMINGHAM BEVERAGE CO., INC. d/b/a AlaBev | ) ) ) | **COMPLAINT** **JURY TRIAL REQUESTED** |
| Defendant. | ) ) | |

### NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et. seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of race (Black), and to provide appropriate relief to Ronnie Johnson ("Charging Party" or "Johnson"), and a class of other Black employees (the "Class") who were adversely affected by such practices.  As alleged with greater particularity in Paragraphs 10 through 12 below, the Equal Employment Opportunity Commission alleges that Birmingham Beverage Company, Inc., d/b/a AlaBev violated Title VII by subjecting the Charging Party and the Class to race discrimination when it failed to promote them to available Route Salesman positions. The Commission further alleges that Defendant failed to preserve records relevant to the determination of whether it engaged in unlawful employment practices in violation of Title VII.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant Birmingham Beverage Company, Inc. d/b/a AlaBev ("Birmingham Beverage" or "Defendant"), a company incorporated in Delaware, has continuously been doing business in the State of Alabama and the City of Birmingham, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.   More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.   On September 29, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated with respect to the Charging Party and the Class and invited Defendant to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

8.  On July 17, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement for Charging Party and the Class acceptable to the Commission.

9.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.  Since at least June 2013, and continuing through the present, Defendant has engaged in unlawful employment practices by subjecting Charging Party and the Class to disparate treatment on the basis of their race (Black) in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). As described with greater particularity below, Defendant subjected Charging Party and the Class to discriminatory practices when Defendant failed to promote Charging Party and the Class to one of at least eleven openings for Route Salesman positions.

   a.  Johnson began his employment with Defendant on or around July of 2007 as a Delivery Driver.

   b.  Defendant promoted Johnson to Driver Supervisor in early 2013. Johnson remains employed with Defendant in this position.

   c.  On or around November 15, 2013, Johnson applied for the vacant Route 19 Salesman Position, for which Defendant was seeking internal applicants. Johnson was qualified for the position.

   d.  After applying for the position, Johnson went on approved Thanksgiving leave. When he returned from leave, on or around December 3, 2013, Johnson learned

that he had been passed over for the position, without an interview, in favor of a substantially less qualified White male applicant.

e. The White male was a delivery driver Johnson supervised, who had less than nine months' tenure with the company.

f. When Johnson questioned why he was not promoted or even interviewed, Defendant claimed that it forgot to interview him.

g. Defendant employs two Black Route Salesmen and approximately twenty-one White Route Salesmen.

h. The two Black Route Salesmen employed by Defendant are Supervised by a Black sales manager and are assigned routes in predominantly Black neighborhoods.

i. From June 2013 through the present, Defendant has hired or promoted at least eleven Whites to the position of Route Salesman. During this same time frame Defendant has not hired or promoted any Blacks to the position of Route Salesman.

j. Defendant has no written policies and procedures concerning promotions, no written policies regarding its promotion process, and no written policies relating to the interviewing or selection of applicants or qualified employees for available positions, including promotions.

k. Members of the Class have repeatedly been passed over in favor of less qualified White employees or applicants.

l. Defendant did not promote Johnson and members of the Class into Route Salesman positions because of their race, Black

4

11. The effects of the practices complained of in Paragraphs 10 a through l above has been to deprive Charging Party and the Class of equal employment opportunities and has otherwise adversely affected their status as employees because of their race, Black.

12. Since at least December 17, 2012, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

    a. Charging Party filed a charge with the EEOC on December 17, 2013, alleging that Defendant had failed to promote him to a Route Salesman position because of his race.

    b. Defendant did not preserve the job announcement or applications for the Route Salesman position that is the subject of Charging Party's charge.

    c. Defendant did not preserve any records relating to other route sales openings, promotions and hires during the period from December 17, 2012 through at least May 2015.

13. The effect of the practice complained of in Paragraphs 12 a through c above has been to deprive Charging Party and the Class of their federally protected civil rights.

14. The unlawful employment practices complained of in Paragraphs 10 and 12 above were intentional.

15. The unlawful employment practices complained of in Paragraphs 10 and 12 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party and the Class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

5

A.  Grant a permanent injunction enjoining Defendant its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including failing to promote employees.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees, and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendant to make Charging Party and the Class whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place promotion or instatement, or front pay in lieu thereof.

D.  Order Defendant to make whole Charging Party and the Class by providing compensation for past and future pecuniary losses including, but not limited to, relocation expenses, job search expenses, and medical expenses, if applicable, in amounts to be determined at trial.

E.  Order Defendant to make whole Charging Party and the Class by providing compensation for past and future nonpecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F.  Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

G.  Order Defendant to pay Charging Party and the Class punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


RESPECTFULLY SUBMITTED,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**MARSHA RUCKER**
Birmingham District Regional Attorney
PA Bar No. 90041

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Tel. (205) 212-2045
Fax. (205) 212-2041